## In re OAKLEY.

### Patent Appeal No. 3371.

Court of Customs and Patent Appeals.
Dec. 24, 1934.

V. M. Dorsey, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, rejecting all the claims of appellant's application. The claims are all process claims and are numbered 1 to 5, inclusive. Claim 2 is illustrative of the subject-matter on appeal and reads as follows: "2. The hereinbefore described process of melting and refining high borosilicate glasses in a container of high alumina content and low flux content, the refractory containing a high percentage of alumina as such."

The references cited are: Smith, 1,500,-651, July 8, 1924; Shively, 1,575,514, March 2, 1926; Crawford, 1,630,892, May 31, 1927; the Glass Industry (tank block problem solved at Corning), November, 1926, vol. 7, No. 11.

The application relates to a process for melting borosilicate glasses. The process disclosed is one of melting and refining glasses of the character named in a container or furnace, the glass-contacting walls of which are of high alumina content and low flux content.

The patent to Smith relates to a glass-making apparatus, including a closed tank in which a body of molten glass is accumulated.

The patent to Shively relates to apparatus for making glass and process therefor, in which glass is melted in a container.

The patent to Crawford relates to a tank block for glass furnaces in which the tank for holding molten glass is made up of courses of flux blocks.

The pages from the publication "The Glass Industry" disclose the use of containers with refractories containing from 65 to 80 per centum of alumina. The only other ingredients mentioned for the refractories are silica and zirconia. The article refers to "refractories consisting chiefly of alumina and silica."

Both the Examiner and the Board of Appeals held that any process disclosed in appellant's application for melting borosilicate glasses is disclosed by the Shively and Smith patents, and both tribunals held that the particular composition of the refractory material lining the container or furnace claimed by appellant is disclosed in the publication "The Glass Industry."

As we view the decisions of the Patent Office tribunals, each held that the particular composition of the refractory material used in constructing the container or furnace constituted no part of the process of melting glass; and, secondly, that, if the use of such refractory material might be considered as a part of the process of melting glass, such material as defined in appellant's claims was old, as shown by the reference, "The Glass Industry," and there would be no invention in the use of such material by appellant in melting glass.

We do not find it necessary to consider this second ground of rejection, for the reason that we are satisfied that the character of the furnace used by appellant cannot lend patentability to his process claims here involved. Appellant's counsel in his brief states: "It is appellant's contention that as the refractory in question produces a superior glass, when used as a container for melting and refining the glasses of the character specified, over the glass which would be produced if another type of refractory were used, such use constitutes an invention which, if novel, may be protected by a process claim, and that invention was involved in selecting the material in question as the refractory in which to melt the high boro-silicate glass, as such selection was not only not obvious but was opposed to the generally accepted view in the art."

Clearly appellant's only claim to invention lies in the selection of the refractory material lining his container or furnace. He does not contend that there is any reaction between such refractory material and the molten glass. Appellant's brief states: "Appellant does not contend that there is any novelty in melting glass in a clay container. Nor does he contend that a refractory containing a high percentage of aluminum oxide is novel. Indeed, there are in the art refractories consisting of nothing else but aluminum oxide as such, although an example of such a refractory is not in this record."

It appears to us that appellant is seeking, through a process claim, to secure a patent monopoly upon the use of a particular kind of furnace for use in melting borosilicate glass. If that is true, his invention does not lie in a process of melting such glass, but in apparatus used in melting such glass. Upon oral argument appellant's counsel expressed the opinion that an apparatus claim for the particular kind of container or furnace employed by appellant would not be patentable because of the prior art. If this be true, we do not understand upon what theory a process claim, depending wholly for its validity upon the type of furnace used, could be sustained.

However, we are not concerned here with the question of whether an apparatus claim for a container or furnace having the refractory material specified by appellant would be allowable. We agree with the statement of the Examiner that, "if there is any invention in applicant's disclosure, it would appear to be in the particular refractory composition per se and not as presented in the claims as a method of melting." Assuming that a container or furnace having refractory material as specified by appellant was not patentable to him as an apparatus, it follows that others would have the right to use such a container or furnace for melting glass, the method of melting glass in a container concededly being old. If that be true, surely appellant could not properly be granted a patent monopoly for accomplishing the same purpose through the process claims here involved. On the other hand, if a container or furnace having the refractory material specified by appellant be patentable, then appellant's invention lay in devising such a furnace or container, and not in a process of melting glass.

In the consideration of process claims we have heretofore cited with approval the following from the opinion in the case of In re Weston, 17 App. D. C. 431: "It seems to us from all these authorities the deductions to be drawn are these: First, that processes involving a chemical or other elemental action, if new and useful, are patentable; second, that a process, which amounts to no more than the mere function of a machine, is not patentable; third, that a process or method of a mechanical nature, not absolutely dependent upon a machine, although perhaps best illustrated by mechanism, may, if new and useful, be the proper subject of a patent, even though it involves no chemical or other elemental action."

The foregoing was quoted and approved by us in the case of In re Ernst et al., 71 F.(2d) 169, 21 C. C. P. A. (Patents) 1235. It is clear that appellant's claims here in issue do not come within the rule laid down in said case of In re Weston, supra.

In the case of In re Weeks, 48 F.(2d) 662, 664, 18 C. C. P. A. (Patents) 1234, we said with respect to a method claim there involved: " * * * At most, the claim does no more than describe the method by specifying the apparatus used in the operation. This is not sufficient. * * *"

In support of the foregoing we cited the case of In re Weston, supra.

We do not deem it necessary to enter upon a discussion of the general law relating to process claims. There are no doubt many cases where it is difficult to determine whether an invention should be the subject of apparatus or process claims, or both, but we are clear that in the case at bar the claims are not allowable as process claims.

The decision of the Board of Appeals is affirmed.

Affirmed.